United States District Court
Southern District of Texas
**ENTERED**
April 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JON PAUL RODRIGUEZ, TDCJ #02189852, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-25-179 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jon Paul Rodriguez (TDCJ #02189852), has filed a prisoner civil rights complaint under 42 U.S.C. § 1983, concerning conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") ("Complaint") (Docket Entry No. 1). Rodriguez represents himself and has leave to proceed without prepaying the filing fee. Because Rodriguez is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering the pleadings, the court

concludes that this case must be dismissed for the reasons explained below.

## I. Background

Rodriguez alleges that on April 26, 2024, Correctional Officers Stephen and Beateas and Sergeant Soto were performing the intake process at the Holliday Unit.[1] Rodriguez states that his eyeglasses were removed when he was pepper-sprayed.[2] He states that his eyeglasses are now missing.[3] He seeks $2 million for his missing eyeglasses and other unspecified damage.[4]

## II. Standard of Review

Federal courts are required by the PLRA to screen prisoner complaints to identify cognizable claims or dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in

---

[1] Complaint, Docket Entry No. 1 at 4.

[2] Id.

[3] Id.

[4] Id.

forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal

conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 306-07 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because the plaintiff represents himself, his pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam). Even under this lenient standard a plaintiff must allege sufficient facts which, when taken as true, state a claim for relief that is plausible on its face. Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (citation omitted). A district court may summarily dismiss a pro se litigant's lawsuit "before service of process or before the filing of the answer" if it is satisfied that the plaintiff has pleaded his "best case." Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009) (citations omitted).

### III. Discussion

Rodriguez's claim concerning his missing property does not establish a constitutional violation. The Supreme Court has held that a negligent, or even intentional, deprivation of property by an officer that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation

remedy. See Hudson v. Palmer, 104 S. Ct. 3194, 3204 (1984); see also Parratt v. Taylor, 101 S. Ct. 1908, 1917 (1981), overruled in part on other grounds by Daniels v. Williams, 106 S. Ct. 662 (1981).

Texas provides a post-deprivation remedy for inmates whose property has been taken or destroyed in an unauthorized manner. See Tex. Gov't Code § 501.007; see also Myers v. Klevenhagen, 97 F.3d 91, 94-96 (5th Cir. 1996) (per curiam); Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994) (explaining that wrongful confiscation of an inmate's personal property may be actionable in Texas under the tort of conversion); Stauffer v. Gearhart, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam) ("In Texas, when an inmate's property is taken without compensation, his remedy is in state court, not federal court."). Therefore, Rodriguez's claim concerning his missing property must be dismissed as frivolous. See Nelson v. Director, Texas Department of Criminal Justice, 124 F. App'x 897, 898 (5th Cir. 2005) (per curiam) (holding that both the civil rights lawsuit and appeal from the dismissal of a prisoner's suit seeking compensatory damages for the loss of personal property were "frivolous").

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) filed by Jon Paul Rodriguez (TDCJ #02189852) is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as frivolous.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov

**SIGNED** at Houston, Texas, on this 3rd day of April, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE